UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 15 2012

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

| | |
|---|---|
| COLLIN WINN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. /2-2283 |
| ) | |
| UNITED STATES; ) | |
| DR. ADEWUMI AMOLE; ) | |
| JOHN DOES I-IX; ) | |
| ) | |
| Defendants ) | |

## COMPLAINT FOR NEGLIGENCE

Comes now the plaintiff, Collin Winn, and for his Complaint against the above-named defendants, files this Complaint and alleges and states as follows:

1.   That this action arises under the Federal Tort Claims Act, 28 U.S.C.§ 1346(b) and 28 U.S.C. § 2671-2680, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Under 28 U.S.C. § 2401(b), suit must be initiated within six (6) months after the date of mailing of notice of final denial of the claim by the agency, and this is within six (6) months of its denial.

2.   That the Plaintiff, Collin Winn, is a resident of the city of Fort Smith, Sebastian County, Arkansas, and therefore this is the proper venue and jurisdiction.

3. That this is an action for negligence, and related causes of action set forth more fully herein and is filed pursuant to an appeal of an administration decision per 28 U.S.C.§ 1346(b) and 28 U.S.C. § 2671-2680.

4. That the Plaintiff, Collin Winn, was at all times material hereto, a citizen and resident of Fort Smith, Sebastian County, Arkansas, and was a resident of same at the time of the acts complained herein.

5. That the Defendant, United States, referred to in this Complaint as Central Arkansas Veterans Healthcare System (CAVHS), is a hospital, located in Little Rock, Pulaski County, Arkansas.

6. That the Defendant, Dr. Adewumi Amole is a doctor practicing medicine in Little Rock, Pulaski County, Arkansas.

7. That John Does I-IX are persons, corporations, clinics, insurance carriers, liability pools, or other responsible parties, as well as parties insuring CAVHS and Dr. Adewumi Amole, its agents, officers, employees, or contractors. The identity of these John Doe defendants, despite plaintiff's best information, is unknown at this time.

8. That attached as Exhibit "A" is an affidavit as required by Ark. Code Ann. 16-56-125 regarding the identities and whereabouts of unknown defendants, Jane and John Does I-IX.

9. This Complaint seeks damages based on negligence, breach of contract, medical negligence, products liability, breach of warranty express, implied and fitness for a particular purpose and related claims.

10. That this Court has jurisdiction of the parties and subject matter of this action and venue is appropriate in this Court.

11. That plaintiff, Collin Winn, was a patient of the defendants from January 2011 until March 2011.

12. That the defendants, their employees, agents and contractors, failed to recognize and take precautions and safety measures with respect to Collin Winn, given his known and documented conditions, and failed to properly manage and care for Collin Winn.

13. That on January 11, 2011, the plaintiff, Collin Winn, underwent an Interventional Radiologist Embolization, in which an interventional radiologist occludes blood vessels by introducing material through a catheter with fluoroscopic visualization, which requires the use of radiation for continuous x-ray imaging, performed by Dr. Amole at (CAVHS); that the radiation was administered at an improper amount and otherwise his actions fell below the standard of care in performing this procedure.

14. That on January 18, 2011, the plaintiff, Collin Winn, presented to the emergency room at Summit Medical Center with severe mouth and upper lip pain following surgery. Plaintiff had blisters on his upper lip and hard palate. Prescriptions for infection, pain, and nausea were given, and plaintiff was instructed to see a CAVHS physician for follow up care.

15. That on January 25, 2011, the plaintiff was admitted to St. Edward Mercy Medical Center with sever upper lip and palate pain. Plaintiff was in Atrial Fib with rapid ventricular response and was treated with a Cardizem drip, with Cardizem, PO, added to his routine medications. Plaintiff was diagnosed with radiation injury in the nasal area and was

discharged on January 27, 2011.

16. That on February 4, 2011, the plaintiff reported complaint to CAVHS of continued discomfort to mouth and upper lip which requires frequent use of pain medications.

17. That on March 15, 2011, the plaintiff complained of ulcer to upper lip, noted by the CAVHS.

18. That on March 21, 2011, the plaintiff complained of upper lip pain to CAVHS. Defendant, Dr. Amole, stated that he feels they are side effects of the embolization.

19. That on May 05, 2011, the plaintiff went to University of Arkansas for Medical Sciences (UAMS) clinic due to continued pain and discomfort of upper lip.

20. That plaintiff was seen at UAMS concerning the frequent nosebleeds and the need for transfusions, when applicable, in 2011, on April 4, May, 5, May, 31, June 13, and June 28.

21. That on July 15, 2011, the plaintiff visited Hereditary Hemorrhagic Telagiectasia (HHT) Center in Little Rock, where doctors were reluctant to treat him due to the complications to his condition from his treatments at CAVHS.

22. That on April 16, 2012, the plaintiff had the Young's procedure performed at the Southwestern Medical Center in Dallas, Texas.

23. That on June 1, 2012, plaintiff had a consultation with Dr. Bradley A. Hobbs for lip defect repair. Dr. Hobbs recommended that the surgery not be performed.

24. That as a direct and proximate result of the defendants' negligence, in

performing the Interventional Radiologist Embolization, including their failure to properly care for, properly treat, and take the appropriate precautions regarding Collin Winn's medical care while a patient at CAVHS, and subsequent care of Dr. Adewumi Amole, he suffers from substantial pain and suffering.

## COUNT I

25. Plaintiff re-adopts and re-alleges paragraphs 1 through 24 as if set fully set forth herein.

26. That the defendants, their agents, employees and contractors, were further negligent in causing the injuries and damages to the plaintiff herein, including, but not limited to:

   a. Failing to properly assess Collin Winn

   b. Utilizing an inappropriate procedure to treat the frequent and severe nosebleeds given the history and condition of Collin Winn.

   c. Continuing to treat the Plaintiff, Collin Winn, and not diligently monitoring and addressing the plaintiff's complaints concerning the discomfort that he had following his Jaunary 12, 2011 embolization procedure.

   d. Failing to take the adequate precautions during the Interventional Radiologist Embolization procedure of Collin Winn.

   e. Failing to provide adequate, competent staff, agents, contractors, and/or nurses to properly manage and care for plaintiff, Collin Winn.

  f. Allowing an inappropriate level of radiation in performing the Interventional Radiologist Embolization which caused the plaintiff, Collin Winn, substantial damages.

  g. That the negligence of the Defendants, their employees, agents and contractors, was a direct and proximate cause of the damages to the plaintiff, Collin Winn.

  27. That the nurses and staff of defendants, including RN's, LPNs, as well as doctors and surgeons, who cared for the plaintiff, Collin Winn, were employees and/or agents of defendants, Dr. Adewumi Amole and the CAVHS are liable for their acts of negligence and breaches of the appropriate standards of care under the doctrine of *respondeat superior*.

  28. That the negligence of the defendants, their agents, employees and contractors, amounts to a breach of the appropriate standard of care owed to the plaintiff, Collin Winn, by the defendants.

## COUNT II

  29 Plaintiff re-adopts and re-alleges paragraphs 1 through 28 as if set fully set forth herein.

  30. That a John Doe Defendant(s), their agents, employees and contractors, were negligent in manufacturing the device for administering the Interventional Radiologist Embolization; the device failed, causing the injuries and damages to the plaintiff herein, and therefore the John Doe Defendant(s) are negligent in regards to Products liability, including, but not limited to:

  a. Using ordinary care in the design, materials used, assembly, inspection, testing, and packaging the radiation or other object;

  b.  Failed to protect the Plaintiff, Collin Winn, from unreasonable risk or harm;

  c.  The radiation embolization was not being used for its intended use.

## COUNT III

  31.  Plaintiff re-adopts and re-alleges paragraphs 1 through 30 as if set fully set forth herein.

  32.  That a John Doe Defendant(s), their agents, employees and contractors, breached an implied warranty of merchantability in that the device for administering the Inteverntional Radiologist Embolization, or other object, was not fit at the time the John Doe Defendant(s) sold it for the ordinary purposes for which such goods are used, including, but not limited to:

  a.  The device was not adequately contained, packaged and/or labeled;

  b.  The device did not conform to any promises or affirmations of fact made on the container or label;

  c.  That the John Doe Defendant(s) sold the radiation treatments, or other devices, that was not fit at the time the John Doe Defendant(s) sold it for the ordinary purposes for which such goods are used and was not adequately contained, packaged and labeled and did not conform to any promises or affirmations of fact made on the container or label.

  d.  That the Plaintiff, Collin Winn, was a person whom the John Doe Defendant(s) might reasonably expect to use or be affected by the radiation, or other device.

## COUNT IV

33.     Plaintiff re-adopts and re-alleges paragraphs 1 through 32 as if set fully set forth herein.

34.     That a John Doe Defendant(s), their agents, employees and contractors, breached an implied warranty of fitness in that the device for administering the Interventional Radiologist Embolization or other object, was not fit for the particular purpose for which it was intended including, but not limited to:

   a.   Due to the malfunctioning of the Interventional Radiologist Embolization device, or other object, the Plaintiff, Collin Winn suffered damages.

   b.   That at the time of contracting with the Defendants herein, the John Doe Defendant(s) had reason to know what the particular purpose for which the radiation therapy, or other device, was required for;

   c.   That the John Doe Defendant(s) had reason to know that the buyer was relying on the John Doe Defendant(s)' skill or judgment to select or furnish a suitable device, or other object for administering the Interventional Radiologist Embolization.

   d.   That the radiation device, or other object, was not fit for the particular purpose for which it was required;

   e.   That this unfitness of the radiation device, or other object, was a proximate cause of the Plaintiff's damages;

## COUNT V

35.     Plaintiff re-adopts and re-alleges paragraphs 1 through 34 as if set fully set forth herein.

36.     That a John Doe Defendant(s), their agents, employees and contractors, breached an express warranty in that the John Doe Defendant(s) made and breached certain express warranties concerning the radiation therapy, or other object, including, but not limited to:

a.      Due to the malfunctioning of the Interventional Radiologist Embolization device, or other object, the Plaintiff, Collin Winn, suffered damages.

b.      That an express warranty was created by the description of the goods which was made part of the basis of the bargain which creates an express warranty that the goods shall conform to the description;

c.      The radiation therapy, or other object, did not conform to the express warranty created.

d.      That failure of the Interventonal Radiologist Embolization device, or other object, to conform to the express warranty was the proximate cause of the Plaintiff, Collin Winn's damages.

e.      That the Plaintiff, Collin Winn, was a person whom the John Doe Defendant(s) might reasonably expect to use or be affected by the radiation device, or other object, since he condition which required treatment called "Interventional Radiologist Embolization."

## DAMAGES

37.     Plaintiff re-adopts and re-alleges paragraphs 1 through 36 as if set fully set forth herein.

38. That as a result of the negligence and the breach of the standard of care of the defendants as set forth herein, plaintiff has suffered damages.

39. All of the above damages were caused by the negligence of the defendants.

40. That as a direct and proximate result of the defendants', their employees', agents' and contractors' negligence, the defendants, jointly and severally, are liable for damages sustained by the plaintiff as set forth above for an amount to be proven at trial in a sum which exceeds that which is required for the jurisdictional limits of diversity of federal court jurisdiction.

41. That defendants acted in reckless disregard for the safety of Collin Winn, and therefore, plaintiff is entitled to punitive damages based on the conduct of the defendants.

42. Plaintiff reserves the right to amend, alter and/or supplement his Complaint.

## DEMAND FOR JURY TRIAL

43. Plaintiff re-adopts and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. Plaintiff demands a trial by jury.

45. Plaintiff reserves the right to amend his Complaint, including the addition or deletion of claims and parties as warranted by discovery.

WHEREFORE, the plaintiff, Collin Winn, prays for judgment against the defendants Dr. Adewumi Amole, CAVHS, and John and Jane Does I-IX, for all elements of damages set forth herein, and for all other damages, including all general, special, and compensatory damages

permitted under Federal law, all costs, attorney's fees, and interest, in an amount greater than the minimum amount in controversy requirement for diversity of citizenship jurisdiction in federal court for each said claim, that otherwise based on 28 U.S.C. § 1346(b) this Court has jurisdiction on this matter, and for all other just and proper relief to which they show themselves to be entitled.

COLLIN WINN – Plaintiff

By: _____
Craig L. Cook
Attorney at Law
The Law Offices of Craig L. Cook
319 North 8th Street
Fort Smith, AR  72901
(479) 783-8000
Arkansas Bar No. 91085

and

Shawn B. Daniels
Attorney at Law
Hixson & Daniels, PLLC
133 Sunbridge Drive
Fayetteville, AR 72703
(479) 442-1732
Arkansas Bar No. 99126

## VERIFICATION

State of Arkansas    )
                     ) ss.
County of Sebastian  )

    I, Collin Winn, state upon oath that the statements contained in the above and foregoing pleading are true and correct to the best of my knowledge and belief.

*Collin Winn*
Collin Winn

Subscribed and sworn to before me this 15 day of November, 2012.

NOTARY PUBLIC

My Commission Expires:

10-14-16

LUCRETIA MEINARDUS
Arkansas - Sebastian County
Notary Public - Comm# 12350850
My Commission Expires Oct 14, 2016